UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN BONNER, | Case No. 17-11571 |
| Plaintiff, | Robert H. Cleland |
| v. | United States District Judge |
| PRISON TRANSPORTATION SERVICES, INC., and JOHN DOE, | Stephanie Dawkins Davis United States Magistrate Judge |
| Defendants. | |

**REPORT AND RECOMMENDATION**
**MOTIONS FOR INJUNCTIVE RELIEF (Dkts. 9, 14, 17, 23, 25, 28, 29, 40)**

## I. PROCEDURAL HISTORY

Plaintiff, an inmate currently in the custody of the Michigan Department of Corrections, brings this action, *pro se*, under 42 U.S.C. § 1983, claiming violations of his rights under the United States Constitution. (Dkt. 1). On June 23, 2017, this case was referred to the undersigned for all pretrial matters by District Judge Robert H. Cleland. (Dkt. 11). Plaintiff subsequently filed various documents and pleadings with the court.

## II. FACTUAL BACKGROUND

According to plaintiff's complaint, Prison Transportation Services ("PTS") (and two of its employees, John Doe # 1 and John Doe # 2) were hired to transport him from Columbus, Ohio, to Jackson, Michigan Charles Egeler Reception and

Guidance Center on or about May 1 or May 2, 2017. (Dkt. 1, Pg ID 4). Plaintiff alleges that PTS and both John Does were informed of plaintiff's health issues, including seizures. (*Id.* at Pg ID 4-5). John Doe # 1 refused plaintiff's request to see a nurse or doctor and refused to carry on board during transport seizure medication. (*Id.* at Pg ID 5). During the transport, according to plaintiff, he suffered three seizures, dealt with kidney pain, and John Doe # 2 waived a gun in his face threating to kill him if he requested medical attention. (*Id.* at Pg ID 6).

### III. ANALYSIS

#### A. Motions and Requests for Injunctive Relief (Dkts. 9, 14, 17, 23, 25, 28, 29, 40

Plaintiff has filed numerous documents with the Court. To the extent statements in some of these docket entries implicate a request for a temporary restraining order or other injunctive relief, the undersigned recommends denying the requests as moot for the reasons that follow.

When a prisoner sues for equitable relief and, by virtue of a transfer to another prison, is no longer under the control or custody of the defendants, his claims for injunctive and declaratory relief are moot. *Lee v. Birkett*, 2010 WL 1131485, at *2-3 (E.D. Mich. Feb. 16, 2010) (citing *Kime v. Jones*, 2007 WL 586793, *3 (W.D. Mich. 2007)); *Alexander v. Carrick*, 31 Fed. Appx. 176, 178 (6th Cir. 2002) (citing *Mowatt v. Brown,* 902 F.2d 34, 1990 WL 59896, at * 1 (6th Cir. May 9, 1990)); *Howard v. Heffron*, 884 F.2d 1392, 1989 WL 107732 (6th Cir.

1989); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). "Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct." *Kime*, 2007 WL 586793, at *3 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Indeed, prior "exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again." *Kime*, 2007 WL 586793, at *3 (collecting cases). Finally, a court should assume that, "absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally." *Id*.

The following docket entries implicate injunctive relief: Dkts. 9, 14, 17, 23, 25, 28, 29, 40. In Dkt. 9, plaintiff requests relief from being subjected to retaliation by corrections officers for filing the instant suit. (Dkt. 9, Pg ID 53). In Dkt. 14, plaintiff appears to request an emergency motion to stop MDOC officials destroying his mail and requests addition of claims and parties to his complaint. (Dkt. 14, Pg ID 66-7). Docket No. 17 seeks orders against non-party MDOC for allegedly unlawful treatment at the prison facility. In Dkt. 23, plaintiff complains of MDOC staff at the institution falsifying medical test results and for being put in a cell with contaminated water, and seeks a temporary restraining order to stop those actions. (Dkt. 23, Pg ID 111). In Dkt. 25, from what can be understood,

plaintiff is seeking relief from prison officials destroying grievance documents and threatening him. (Dkt. 25, Pg ID 142-43). In Dkt. 28, he requests to be taken to a non-MDOC contracted hospital (Dkt. 28, Pg ID 174). Docket No. 29 seeks a temporary restraining order to stop RGC, DRF, and SLF officials from retaliating against him and he claims he is being denied medical treatment and air ventilation. (Dkt. 29, Pg ID 188). In Dkt. 40, plaintiff seeks a temporary restraining order so that he will not be housed with enemies and to stop corrections officers from retaliating against him. (Dkt. 40, Pg ID 269). In these requests, plaintiff seeks injunctive relief for actions that occurred at a prison in which he no longer resides. On November 17, 2017, after the above entries were field, plaintiff filed a notice of change of address. (Dkt. 43). The persons and events he complains about took place and are at a different prison facility than where he is currently housed. Therefore, the motions for injunctive relief should be denied as moot.

Moreover, these motions or requests for injunctive relief should be denied because in them plaintiff seeks relief on matters and against parties that are not contained in the complaint. *See*, *e.g.*, *Bloodworth v. Timmerman-Cooper*, 2011 WL 4573943, at *2 (S.D. Ohio Sept. 29, 2011), report and recommendation adopted, 2011 WL 5403217 (S.D. Ohio Nov. 8, 2011) (Plaintiff's request for relief against officials not party to the present suit for tampering with his mail was unrelated to the complaint was denied and the court noted that it lacked jurisdiction

4

over officials not named parties); *Beasley v. Westbrooks*, 2017 WL 4150462, at *2 (M.D. Tenn. Sept. 19, 2017) (citing *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010)) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief."). The allegations in the motions are not against PTS or the John Does, nor do they relate to the factual bases of the complaint.

Accordingly, the undersigned **RECOMMENDS** that the requests for injunctive relief be **DENIED as MOOT**.

B.     Motions and Requests for Appointment of Counsel

To the extent plaintiff's motions for injunctive relief in Dkts. 17, 28, and 29 include requests for the appointment of counsel, the undersigned recommends denying the motions. Plaintiff has also separately requested appointment of counsel in other filings that do not include a request for injunctive relief. The undersigned denied those requests for counsel in an Order filed December 21, 2017. The facts and circumstances have not changed in the motions dealt with here. Therefore, the undersigned **RECOMMENDS** that these duplicative requests for counsel be **DENIED as MOOT**.

C. Motions or Requests to Amend or Supplement Complaint

To the extent that Dkts. 14 and 29, and any additional motions listed above, can be interpreted as including a motion to amend his complaint, the undersigned recommends denying the motion because no such request complied with Local Rule 15.1, which requires that: "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." These motions fail to attach a proposed amended complaint. The undersigned concludes that plaintiff has not filed a proper motion for leave to amend his complaint that complies with Local Rule 15.1.

To the extent plaintiff seeks to supplement his complaint with events that occurred after the filing of the complaint in this case, any such motion should be denied because adding a whole new cast of characters and unrelated events is not the proper subject of a motion to supplement a complaint. *See Cage v. Harry*, 2010 WL 1254562 (W.D. Mich. Mar. 26, 2010) ("The purpose of supplemental pleadings under Rule 15(d) is to allow a plaintiff to update his complaint to add allegations of later events relating to his original complaint. ... The rule does not, however, allow a plaintiff to add new claims relating to new events ... involving not the original defendants but a whole new cast of characters. ... It does not allow daisy-chaining of unrelated events into a single lawsuit."); *see also*, *Martinez v.*

*Vondewigelo*, 2016 WL 2587940, *2-3 (W.D. Ky. 2016) (Prisoner plaintiff could not "daisy chain" new cast of characters and unrelated events and was required to file a new lawsuit instead.) (citing *Cage v. Harry*).

For this reason, the undersigned **RECOMMENDS** any motion to amend or supplement his complaint in the above-listed motions should be **DENIED** without prejudice to his right to re-file a proper motion for leave to amend that complies with Local Rule 15.1.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motions for injunctive relief (Dkts. 9, 14, 17, 23, 25, 28, 29, 40) be **DENIED as MOOT**.

The undersigned further **RECOMMENDS** that any motions for appointment of counsel within Dkts. 9, 14, 17, 23, 25, 28, 29, and 40 be **DENIED as MOOT**.

The undersigned further **RECOMMENDS** that any motions to amend or supplement the complaint within Dkts. 9, 14, 17, 23, 25, 28, 29, and 40 be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 21, 2017                    s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I certify that on December 21, 2017, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following non-ECF participant: Brian Bonner #397095, Woodland Center Correctional Facility, 9036 E. M-36, Whitmore Lake, MI 48189.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov